IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILBERT J. WILSON, JR., <br><br> Petitioner <br><br> VS. <br><br> ANTHONY WASHINGTON, Warden <br><br> Respondent | NO. 5:06-CV-299 (DF) <br><br> **Proceedings Under 28 U.S.C. §2254** <br> **Before the U. S. Magistrate Judge** |

# RECOMMENDATION

Respondent ANTHONY WASHINGTON has filed a motion to dismiss the petitioner WILBERT J. WILSON'S habeas corpus petition, asserting that the petition is untimely filed pursuant to the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations. Tab #8. The motion is supported by an attached brief. After being advised of his right to do so, Wilson responded to the respondent's motion. Tab #12.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Respondent Washington has shown the court that petitioner Wilson was found guilty on April 17, 2002, of the crimes for which he is currently serving his sentence. After his conviction was affirmed on appeal on April 3, 2004 (and reconsideration was denied on April 18, 2003), Wilson filed a state habeas corpus petition on June 1, 2004; the same was denied on May 24, 2005. His application for certificate of probable cause to appeal the denial of state habeas relief was denied on May 23, 2006. Wilson then filed the instant petition on August 30, 2006.

The AEDPA permits one year of "untolled" time to pass before a petition becomes untimely, and the respondent's calculations and argument are persuasive: Not even considering any other delays in filing, the petitioner waited more than a year from the date on which his conviction became final (April 28, 2003)[1] to file his *state* habeas corpus petition (June 1, 2004). Therefore his instant [federal] petition must be dismissed as untimely.

Petitioner Wilson's response only takes into account the date on which his certificate of probable cause to appeal the denial of state habeas relief was denied, which is not the appropriate reading of the AEDPA.

Accordingly IT IS RECOMMENDED that the respondent's motion to dismiss (Tab #8) be GRANTED and the current action be DISMISSED as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 15th day of DECEMBER, 2006.



                                          CLAUDE W. HICKS, JR.
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Ten days after reconsideration of his appeal was denied and the petitioner failed to file a notice of intent to seek certiorari with the Georgia Supreme Court. Rule 38 of the Rules of the Georgia Supreme Court.